O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRISELA GUTIERREZ ) | Case No. CV 06-03716-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**I.  Factual and Procedural Background**

   This is an action for judicial review of the Commissioner's final decision denying Plaintiff Grisela Gutierrez's application for Social Security benefits. On May 27, 2004, Plaintiff filed an application for Supplemental Security Income benefits, claiming a disability onset date of January 1, 2004, due to the limiting effects of Crohn's disease, arthritis, and depression. (Administrative Record ("AR") 68-71.)

   Plaintiff was born on September 16, 1952, and was first diagnosed with Crohn's disease in 1982. (AR 21, 68.) Crohn's disease is an

inflammatory bowel disease that causes inflammation or ulceration of the digestive tract. It can affect any part of the digestive tract, but it is most common in the last part of the small intestine and the large intestine. *The Merck Manual* 302-07 (17th ed. 1999). The most common symptoms are abdominal pain, rectal bleeding, and diarrhea; constipation, fever, and loss of appetite also occur. *Id.* Although Plaintiff was able to manage the Crohn's disease for years, she claims that it eventually became disabling at the beginning of 2004. Plaintiff has a high school education and no relevant work experience. (AR 20.)

The Commissioner denied Plaintiff's application initially and upon reconsideration. (AR 34-46.) A hearing was held on November 8, 2005, before Administrative Law Judge ("ALJ") Zane A. Lang. (AR 19, 47-48.) In a decision issued January 25, 2006, the ALJ found that Plaintiff was not disabled and therefore not entitled to benefits. (AR 19-26.)

Applying the five-step sequential analysis for determining disability,[1] the ALJ found: (1) Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date; (2) Plaintiff's Crohn's disease qualifies as a severe impairment under the Social Security Regulations, but her arthritis and depression do not; (3) Plaintiff's impairment does not meet or medically equal one of the listed impairments in the Regulations; (4) Plaintiff has no past relevant work; but she has the residual functional capacity ("RFC") to perform a full range of light work: she can lift twenty pounds occasionally and ten pounds frequently; and she can stand, walk, or sit for up to six hours in an eight-hour workday; (5) applying Rule 202.13 of the the Medical-Vocational Guidelines, Plaintiff is not disabled.

---

[1] *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (detailing the five-step sequence).

Plaintiff timely filed a Request for Review of the ALJ's decision. (AR 12.) The Appeals Council denied review on January 25, 2006. (AR 12-18.) Plaintiff then filed the instant action, claiming that the ALJ erred by (1) failing to find that Plaintiff's Crohn's disease is recurrent and affects her ability to perform sustained work activity, (Jt. Stip. 4-6); (2) improperly discrediting Plaintiff's testimony concerning the severity of her symptoms, (Jt. Stip. 11-15); and (3) improperly evaluating Plaintiff's alleged mental impairments, (Jt. Stip. 8-9).[2]

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld if it is "supported by 'substantial evidence' and if the proper legal standard was applied." *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's

---

[2] Plaintiff presented issues two and three in reverse order in the Joint Stipulation.

conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. Frequency of Plaintiff's Crohn's Disease Flare-ups

The ALJ's RFC finding was based in part on his conclusion that Plaintiff does not experience "flare-ups"—a sudden and uncontrollable onset of diarrhea—two to three times a week, as alleged. The ALJ adopted the medical opinion of Dr. Kristof Siciarz, a consultative internal medical examiner, who examined Plaintiff on July 6, 2004. Plaintiff contends that by adopting Dr. Siciarz's opinion, which was written only six months after the alleged disability onset date, the ALJ failed to properly evaluate the record as a whole. Plaintiff argues that the ALJ's conclusion that the flare-ups occur only intermittently, and the RFC based on this conclusion, are not supported by substantial evidence in the record. (Jt. Stip. 4-6.)

**A. Discussion**

A claimant's RFC is what she is capable of doing despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).[3] A RFC assessment is an administrative finding reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(2). However, an RFC determination is based on all of the

---

[3] "The Secretary [Commissioner] issues Social Security Rulings to clarify the Secretary's regulations and policy....Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc).

relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. Id.

**B.   Analysis**

Plaintiff contends that the ALJ took a myopic view of the record, focusing exclusively on the single medical report of Dr. Siciarz and neglecting the ample evidence of Plaintiff's frequent flare-ups. In support of her argument, Plaintiff cites medical reports which indicate that she experienced six[4] flare-ups during the relevant eighteen-month period. In light of these reports, Plaintiff contends that her allegations of frequent flare-ups is supported by substantial evidence.

The problem with this argument is that the ALJ summarized Plaintiff's entire treatment history during the relevant time period, including the reports that Plaintiff now relies upon as evidence of the frequent flare-ups. (AR 21-22.) Plaintiff is incorrect in asserting that the ALJ based his conclusion on Dr. Siciarz's opinion alone. The ALJ did not disregard the longitudinal record; he accepted that Plaintiff experienced flare-ups as they were reported in the medical record. The ALJ merely concluded that six reported flare-ups do not demonstrate the recurrent limitations that Plaintiff alleges. The ALJ did not improperly disregard the medical evidence.

**IV.   Credibility of Plaintiff's Testimony**

At the hearing, Plaintiff testified that she has flare-ups two to three times a week and on those days, she spends most of her time at

---

[4] Plaintiff maintains that there were eight reported flare-ups for which she sought treatment. (Jt. Stip. 5.) This Court's review of the record indicates the ALJ correctly found six such instances. Plaintiff's statement that flare-ups occurred in August and October 2004 is not supported by the medical records cited by Plaintiff. (AR 151, 193.)

home and in bed. (AR 221-23.) Plaintiff's doctors recommended that she reduce the amount of stress in her life, avoid picking up heavy objects because of the strain it places on her stomach, and not wear tight clothing. (AR 224.) Plaintiff has also been prescribed various medications, some of which (she did not specify which) make her drowsy. (AR 222.) When Plaintiff is able to get out of bed, she cooks, does household chores, and leaves the house to run errands. (AR 221-22.)

The ALJ incorporated some of Plaintiff's subjective complaints into the RFC determination, but concluded that Plaintiff's testimony about the frequency of the flare-ups and the severity of her limitations was not credible. (AR 23.) Plaintiff contends that the ALJ improperly rejected her testimony. (Jt. Stip. 11-15.)

**A.  Discussion**

"[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell*, 947 F.2d at 345. To the extent that an individual's claims of functional limitations and restrictions due to the alleged pain are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996) (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883.

Social Security Regulation 96-7p provides types of evidence that may be used, in addition to the objective medical evidence, to assess a

claimant's credibility.[5] For example, an ALJ may discredit a claimant's testimony if she engages in daily activities that are inconsistent with her allegations. *Bunnell*, 947 F.2d at 346. "Another relevant factor may be 'unexplained or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.'" *Id.* (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ may also use "ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (internal quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)).

**B.  Analysis**

The ALJ found that "the medical record does not support the level of frequency of diarrhea flare-ups as alleged by the claimant." (AR 23.) Plaintiff disputes the ALJ's representation of the record, and points out that the record indicates six reported flare-ups over an eighteen-

---

[5] SSR 96-7p lists seven types of evidence:
1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.
SSR 96-7p, 1996 WL 374186, at * 3.

month period. (Jt. Stip. 13.) Plaintiff's testimony regarding the frequency and effect of the flare-ups is reasonably consistent with the objective medical evidence, i.e., that she suffers from Crohn's disease. It would have been be error for the ALJ to reject Plaintiff's testimony simply because the frequency and severity of the episodes are not fully corroborated by the medical record. *Bunnell*, 947 F.2d at 345. However, the ALJ relied on three clear and convincing reasons, in addition to the absence of objective medical evidence, for discrediting Plaintiff's testimony.

First, the ALJ reviewed Plaintiff's activities and concluded that they are inconsistent with her testimony concerning the extent of her limitations. (AR 23.) Second, the ALJ noted that Plaintiff missed several doctor appointments, which infer that Plaintiff's symptoms may not have been as severe as alleged. (AR 24.) Third, the ALJ noted that Plaintiff's medications "have been relatively effective in controlling the claimant's symptoms." (AR 24.) Each of these reasons provides a clear and legitimate basis for discrediting Plaintiff's testimony. *See Bunnell*, 947 F.2d at 346; SSR 96-7p, 1996 WL 374186, at *3.

Plaintiff also "points out" that she testified that her medication causes drowsiness, apparently suggesting that the ALJ failed to properly evaluate this testimony. The Court's analysis of an ALJ's rejection of a claim of limitation resulting from the side effects of medication is similar to that involving rejection of allegations of pain: once a claimant has produced objective medical evidence that she uses medications that have recognized side effects, the ALJ may reject subjective testimony relating to the effects of that medication only by offering specific clear and convincing reasons for doing so. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Varney v. Sec'y of Health*

*and Human Svcs.*, 846 F.2d 581, 585-86 (9th Cir. 1988), *relief modified by* 859 F.2d 1396 (9th Cir. 1988). In this case, the ALJ noted Plaintiff's testimony that her pain medication makes her sleepy and dizzy, but concluded her activities are inconsistent with her brief mention of medication side effects. (AR 23.) This is a sufficient basis for discounting Plaintiff's medication-side effect testimony.

**V.  Plaintiff's Mental Impairments**

At the beginning of the hearing before the ALJ, the following exchange took place:

ALJ:     Will the claimant, Ms. Grisela Gutierrez, please raise your right hand? Is the claimant alleging a mental impairment?

Atty:    Well, it's just a side effect from her physical problems.

ALJ:     Okay, I think the question only requires a yes or no answer.

Atty:    No.

ALJ:     Okay. Do you have an opening statement?

(AR 217.) Plaintiff's attorney then proceeded with his opening statement.

Plaintiff argues that her attorney only answered the ALJ's question in the negative because the ALJ "pressed" for a yes or no response. Plaintiff seems to imply that the ALJ erred by questioning the attorney in an unfair manner, and then accepting the attorney's response as a waiver of any claim of mental impairment.

Plaintiff's claim is clearly meritless. To begin with, there was nothing remotely improper about the question that the ALJ posed to the attorney. If the attorney intended to allege a mental impairment, he

9

could have simply said yes.

Regardless of whether the attorney's response constituted a waiver, the ALJ did not treat it as such and properly considered Plaintiff's alleged mental impairments. Plaintiff alleged that she was disabled due to depression. The ALJ found that Plaintiff's depression was not a severe impairment (AR 21), which Plaintiff does not dispute. As to any mental impairments that result from Plaintiff's physical problems, Plaintiff testified only that she is unable to concentrate enough to watch television or read a book because of the pain. (AR 228-29.) The ALJ recounted this testimony, and, as discussed above, found that Plaintiff was not credible. The ALJ specifically noted that Plaintiff reported in the forms she submitted to the Social Security Administration that she likes to watch various television programs and can recall what she watches for a couple of days, and that she likes to read books when she is not experiencing a flare-up. (AR 23.) Contradictory testimonial evidence such as this provides a proper basis for rejecting a claimant's testimony. *Tonapetyan*, 242 F.3d at 1148.

**VI. Conclusion**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case dismissed with prejudice.

DATED: March 28, 2007

_____
MARC L. GOLDMAN
United States Magistrate Judge